BOLIN, Judge.
J. T. Evans brought a redhibitory action to rescind the sale of a second-hand dry-cleaning machine, which he purchased from Harry Prophit, and for return of the portion of the purchase price already paid. Defendant answered denying the affirmative allegations and reconvened for the balance due on a note representing a portion of the purchase price. The trial judge, with written reasons, rejected plaintiff’s demand and awarded defendant, as plaintiff in reconvention, judgment for the balance due with interest and attorney’s fees. Plaintiff appeals.
As basis for the suit plaintiff claimed the machine was defective and so inconvenient to use that he would not have purchased it had he known of its vices. Appellant does not allege the age or condition of the machine was misrepresented to him. The sole issue is whether he has proved facts sufficient to entitle him to rescind the sale under the following pertinent articles of the Civil Code of Louisiana :
Art. 2520. “Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
Art. 2521. “Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
Art. 2530. “The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.”
Appellant specified error on the part of the trial judge in ruling as he did. Additionally, appellant urges as error the failure of the trial court to hold the vices and defects manifested themselves within three days after the purchase, thereby casting the burden on defendant to show the vices and defects did not exist at the time of the sale. Predicate for this contention is the fact some bearings burned out on the second day after installation and defendant sent his maintenance mechanic to replace the bearings.
Evidence for plaintiff consisted of testimony of plaintiff, his wife, who operated the laundry in which the machine was installed, and John W. Cootes, a mechanic employed by defendant.
The machine originally was located in Monroe in defendant’s establishment. Mr. and Mrs. Evans, who were looking for such a machine, were advised by an acquaintance that Prophit would probably sell one of his, whereupon they contacted Prophit and went to his place of business where they made casual inspection of the machine. Appellee turned on the right compartment, which went through its cleaning cycle, and then asked if the Evans couple would like to turn it on to observe its operation. This they declined to do.
The testimony of Cootes, the mechanic regularly employed by Prophit, was that he helped to move the machine to Winns-boro and place it in plaintiff’s washateria. However, he did not connect it. A few days later, when defendant was advised some bearings had burned out he sent Cootes to replace the bearings at no cost to appellant. He testified he knew of no reason why the machine, if properly repaired and maintained, would not perform *376 satisfactorily the work for which it was purchased. No other mechanic was called to service the machine.
Subsequently on four or five occasions Evans called Prophit asking for instructions and information as to where he could purchase certain parts. Approximately three months after the purchase of this machine Evans called Prophit and asked him to set aside the sale and to refund his initial payment. This request was refused.
The testimony of both Cootes and Proph-it negates the conclusion there were vices or defects in the machine at the time of the purchase; to the contrary they stated it was properly operating before it was moved. All parties testified this type equipment requires maintenance by a trained mechanic.
The trial judge found the machine purchased by plaintiff had been used for a considerable length of time and the purchase price was supposedly reduced for this reason. He further found in purchasing such a machine one would not expect “that perfection of quality one would expect when paying full price for a new machine”.
We agree with the trial judge that merely because the object in controversy is a complicated piece of machinery plaintiff is not relieved from the burden of proving improper operation by virtue of (1) a defect in the thing purchased, (2) at the time of purchase, (3) latent and unknown to the purchaser and (4) not discernible by the purchaser by simple inspection. The court found plaintiff had failed in carrying the burden of proof to support the legal requirements for the establishment of redhibition. Additionally, we conclude if any defect manifested itself within three days it was repaired and was not one upon which appellant based his redhibitory action.
Evidence was undisputed the note upon which the reconventional demand was based was valid and unpaid; therefore, appellee has proved such demand.
For the reasons assigned the judgment is affirmed, appellant to pay all costs.
Affirmed.